**FILED**
**United States Court of Appeals**
**Tenth Circuit**

<u>**PUBLISH**</u>

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 9, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

CHARLES CLINE,

     Plaintiff - Appellant,

v.

CLINICAL PERFUSION SYSTEMS, INC.,

     Defendant - Appellee,

and

KEVIN ESAU; TYLER MCKEON,

     Defendants.

No. 22-5107

_____

**Appeal from the United States District Court**
**for the Northern District of Oklahoma**
**(D.C. No. 4:22-CV-00314-CVE-CDL)**

_____

Donald M. Bingham, Riggs, Abney, Neal, Turpen, Orbison & Lewis, Tulsa, Oklahoma, for Plaintiff-Appellant Charles Cline.

J. Miles McFadden (R. Tom Hillis, with him on the brief), Titus Hillis Reynolds Love, Tulsa, Oklahoma, for Defendant-Appellee Clinical Perfusion Systems, Inc.

_____

Before **MATHESON**, **EBEL**, and **CARSON**, Circuit Judges.

_____

**EBEL**, Circuit Judge.

_____

In this employment discrimination case, Plaintiff-Appellant Charles Cline appeals the dismissal of his operative First Amended Complaint (FAC) under Federal Rule of Civil Procedure 12(b)(6). Cline was terminated by Defendant-Appellee Clinical Perfusion Systems, Inc. after a medical emergency led to a several-month stay in the intensive care unit (ICU), where Cline was on a ventilator, feeding tube, and was heavily sedated. He brought disability discrimination claims under the Rehabilitation Act, the Affordable Care Act (ACA), and the Oklahoma Anti-Discrimination Act (OADA); and age discrimination claims under the OADA. The district court dismissed his FAC with prejudice.

Cline first argues that the district court erred in dismissing his disability discrimination claims. To establish a disability discrimination claim under the Rehabilitation Act (which uses the same substantive framework for liability as the ACA and OADA), a plaintiff must plausibly allege either that he is able to perform the essential functions of his job notwithstanding the disability, or that he could perform those functions with a reasonable accommodation by his employer. Adair v. City of Muskogee, 823 F.3d 1297, 1307 (10th Cir. 2016). The parties here agree that Cline could not perform the functions of his job while sedated in the ICU, and therefore his disability discrimination claims turn on whether Cline plausibly alleged that he could perform the functions of his job with an accommodation of leave time during his recovery. We conclude he did not. While Cline alleged that "[a] reasonable accommodation was available to [Clinical Perfusion Systems]: granting

2

Cline paid or unpaid leave for a reasonable period of time," he failed to support this with an essential factual allegation—a duration of leave that would have constituted a reasonable and sufficient period of time.  (Aplt. App. 12-13 ¶ 42).  Therefore, we conclude the district court properly granted Clinical Perfusion Systems' motion to dismiss with respect to Cline's disability discrimination claims under the Rehabilitation Act, ACA, and OADA.

Cline next argues that the district court erred in dismissing his age discrimination claim.  To establish an age discrimination claim under the OADA, a plaintiff must plausibly allege that age was a but-for cause of his termination.  Jones v. Okla. City Pub. Schs., 617 F.3d 1273, 1277 (10th Cir. 2010).  The district court concluded that "[n]othing in [Cline's FAC] satisfies that requirement or demonstrates the causal connection between [Cline's] age and his termination."  (Aplt. App. 141).  For pleading purposes, we disagree.  Cline alleged alternatively that his age was "the sole factor, the primary factor, the determinative or determining factor, or a significant motivating factor" in Clinical Perfusion Systems' decision to terminate him.  (Id. at 16 ¶ 57).  Cline also alleged that Clinical Perfusion Systems gave a false reason for his termination and that he was replaced with two younger, less qualified employees. We find these allegations sufficient to allege an alternative claim that age was a but-for cause of Cline's termination.  Therefore, we conclude the district court erred by dismissing Cline's age discrimination claim under the OADA.

Having jurisdiction under 28 U.S.C. § 1291, we therefore AFFIRM the district court's dismissal of Cline's disability discrimination claims, REVERSE the district

3

court's dismissal of Cline's age discrimination claim, and REMAND for further proceedings.

## I. BACKGROUND

### a. Facts Alleged in Cline's Operative First Amended Complaint

According to the First Amended Complaint (FAC), Charles Cline is a perfusionist. (Aplt. App. 8 ¶ 21). "A perfusionist is a licensed medical professional who is a member of a cardiovascular surgical team." (Id. at 7 ¶ 19). A perfusionist "operates a heart-lung machine, and during surgery maintains blood flow to the patient's tissues and regulates levels of oxygen and carbon dioxide in the blood." (Id.).

Kevin Esau and Tyler McKeon own Clinical Perfusion Systems. Clinical Perfusion Systems hired Cline to be a perfusionist in 2017. At the time, Cline had twenty-five years of experience. During his tenure at Clinical Perfusion Systems, Cline was "an exemplary employee and a respected perfusionist with a strong work ethic." (Id. at 8 ¶ 21).

On March 27, 2021, Cline lost consciousness while stopped at a traffic light in Tulsa, Oklahoma—possibly due to hypotension. When emergency medical personnel arrived, they performed eighteen minutes of CPR on Cline, breaking some of his ribs and cracking his sternum. He was subsequently intubated and sent to the ICU at Saint Francis Hospital. As alleged, the intubation caused severe damage to his throat that required ICU treatment from March 27 through May 3, and inpatient rehabilitation from May 3 through June 11.

During his ICU stay, Cline was on a ventilator that was connected to his lungs through a cannula—a tube in his throat. He also needed a gastric feeding tube. He was heavily sedated and could not speak, eat, or care for himself. He suffered kidney failure, which caused bloating and weight gain.

While Cline was in the ICU, Esau and McKeon observed him and spoke with his wife, Nicole Pardini. At one point in late April, Pardini told Esau that she had been invited to sign a "Do Not Resuscitate" authorization, but that she had declined to do so.

On May 3, 2021—the day Cline was to be transferred from the ICU to inpatient rehabilitation, and slightly more than one month after the onset of his disability—Esau and McKeon called Pardini and told her that Cline was being terminated. They allegedly falsely attributed their decision to the financial condition of Clinical Perfusion Systems. Pardini asked whether they would keep Cline's job open until he recovered, but they declined to do so. Cline was sixty-one years old at the time.

The FAC alleged that at that point, Cline's impairments were expected to last "more than six (6) months." (Id. at 12 ¶ 40). But Cline's recovery took less time than expected. After he was transferred to inpatient rehabilitation, Cline gradually improved. He was taken off heavy sedation two weeks in, and at some point regained the ability to speak (provided he covered the cannula in his throat). Cline was discharged to his home on June 11, 2021, and his attending physician cleared

5

him to return to work without restriction on July 28, 2021—almost three months after he was terminated, and four months after the onset of his disability.

Soon thereafter, Cline asked for reinstatement (either at his old position or "a lesser position"), but McKeon declined his request. Cline alleges that he was the only employee that Clinical Perfusion Systems fired in 2021. Cline also alleges that when Clinical Perfusion Systems decided to terminate him, it had either "recently hired or was in the process of hiring two . . . individuals as perfusionists, each of whom was far younger than Cline was, and each of whom was far less qualified and far less experienced than Cline was." (Id. at 16 ¶ 58).

Cline still suffers side effects from his injuries, including pain when he speaks or swallows. He has since moved to California, where he works full-time as a perfusionist.

**b. Procedure**

Within 180 days of his discharge, Cline filed a charge with the Oklahoma Attorney General's Office of Civil Rights Enforcement. That office issued him a Notice of Right to Sue on April 20, 2022. Cline filed his initial complaint against Clinical Perfusion Systems, Esau, and McKeon on July 19, 2022. He then filed the operative FAC on July 28, 2022, alleging facts supporting federal diversity jurisdiction under 28 U.S.C. § 1332 for all claims and federal question jurisdiction under 28 U.S.C. § 1331 for his federal statutory claims. The FAC asserted the following alternative claims against Clinical Perfusion Systems: (1) disability discrimination under the Rehabilitation Act, 29 U.S.C. § 794(a); (2) both disability

and age discrimination under the Oklahoma Anti-Discrimination Act (OADA), 25

Okla. Stat. § 1302(A); (3) disability discrimination under the Affordable Care Act, 42

U.S.C. § 18116; and (4) breach of contract under Oklahoma law.  Against Esau and

McKeon, the FAC asserted two claims under Oklahoma law: (5) tortious interference

with Cline's contract of employment; and (6) the tort of outrageous conduct.

All three defendants moved for dismissal under Rule 12(b)(6).[1] The district

court granted the motion in full and dismissed Cline's FAC with prejudice.  Cline

now appeals the dismissal of his disability and age discrimination claims against

Clinical Perfusion Systems.[2]

## II. STANDARD OF REVIEW

This court reviews de novo the district court's dismissal of Cline's FAC under

Rule 12(b)(6).  Abdi v. Wray, 942 F.3d 1019, 1025 (10th Cir. 2019).  "Dismissal

under Rule 12(b)(6) is appropriate only if the complaint, viewed in the light most

favorable to plaintiff, lacks enough facts to state a claim to relief that is plausible on

its face."  Id. (quoting United States ex rel. Reed v. KeyPoint Gov't Sols., 923 F.3d

729, 764 (10th Cir. 2019)).  "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the

---

[1] Defendants also moved for dismissal due to improper venue under Rule 12(b)(3), but their briefing below only made arguments supporting dismissal under Rule 12(b)(6). The district court only addressed Rule 12(b)(6), and that is all that is at issue before this court.

[2] Cline does not appeal the dismissal of his claims against Esau and McKeon, nor does he appeal the dismissal of his contract claim against Clinical Perfusion Systems.

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, the complaint "must give just enough factual detail to provide 'fair notice of what the . . . claim is and the grounds upon which it rests.'" Warnick v. Cooley, 895 F.3d 746, 751 (10th Cir. 2018) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

### III. DISCUSSION

#### a. Cline's Disability Discrimination Claims

Cline's FAC asserted disability discrimination claims under three statutes: Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a); the Oklahoma Anti-Discrimination Act (OADA), 25 Okla. Stat. § 1302(A); and Section 1557 of the Affordable Care Act (ACA), 42 U.S.C. § 18116. Disability discrimination claims under Section 504 of the Rehabilitation Act are governed by the substantive standards for disability discrimination claims under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12111 et seq. See 29 U.S.C. § 794(d) (providing that standards applied under Americans with Disabilities Act apply to employment discrimination claims under the Rehabilitation Act); Wilkerson v. Shinseki, 606 F.3d 1256, 1262 (10th Cir. 2010) ("We apply the standards from the American with Disabilities Act in analyzing a Rehabilitation Act claim."). Therefore, both Rehabilitation Act and ADA cases are applicable when analyzing Cline's Rehabilitation Act claim.

This court has also found that, if a plaintiff's disability discrimination claim fails under the ADA, it fails under the OADA. See Barzellone v. City of Tulsa, 210 F.3d 389, 2000 WL 339213, at *5 (10th Cir. 2000) (unpublished table opinion) ("Barzellone's claim under the Oklahoma Anti Discrimination statutes fails for the same reasons her ADA and Title VII claims fail." (footnotes omitted))[3]; Wilson v. State Ins. Fund ex rel. State of Okl., 106 F.3d 414, 1997 WL 12929, at *2 (10th Cir. 1997) (unpublished table opinion) ("For essentially the same reasons set forth in our analysis of the ADA claim, plaintiff's state statutory claims," including a claim under the OADA, "also fail"). Therefore, the success of Cline's OADA claim also depends on whether he stated a claim under the Rehabilitation Act and ADA framework.

Finally, with respect to Cline's ACA claim, Clinical Perfusion Systems suggests that the ACA might not have created a general employment discrimination cause of action, but instead might only prohibit "an employer that receives Federal financial assistance that is principally engaged in providing health care or health coverage, such as a hospital or nursing home, from discriminating in employee health benefits." (Aplee. Br. 8-9) (quoting Section 1557: Frequently Asked Questions, FAQ #17, U.S. Department of Health and Human Services, https://www.hhs.gov/civil-rights/for-individuals/section-1557/1557faqs/index.html). We need not decide in this appeal whether the ACA created a general employment discrimination cause of action because, even assuming it did, the Rehabilitation Act's substantive standards would apply, and we ultimately conclude that

---

[3] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1.

9

Cline failed to state a claim under the Rehabilitation Act's standards. See 42 U.S.C. § 18116(a) ("The enforcement mechanisms provided for and available under . . . section 794 [of title 29, U.S.C. (the Rehabilitation Act)] . . . shall apply for purposes of violations of this subsection."); Francois v. Our Lady of the Lake Hosp., Inc., 8 F.4th 370, 378 (5th Cir. 2021) ("For disability-discrimination claims, the ACA incorporates the substantive analytical framework of the [Rehabilitation Act]."); Doe v. BlueCross BlueShield of Tenn., Inc., 926 F.3d 235, 239 (6th Cir. 2019) ("By referring to four statutes" in the ACA, including Section 504 of the Rehabilitation Act, "Congress incorporated the legal standards that define discrimination under each one.").

To state a claim under Section 504 of the Rehabilitation Act:

"[A] plaintiff must prove (1) that he is a 'handicapped individual' under the Act, (2) that he is 'otherwise qualified' for the [position], (3) that he was [discriminated against] solely by reason of his handicap, and (4) that the program or activity in question receives federal financial assistance."

Cohon ex rel. Bass v. N.M. Dep't of Health, 646 F.3d 717, 725 (10th Cir. 2011) (quoting Johnson ex rel. Johnson v. Thompson, 971 F.2d 1487, 1492 (10th Cir. 1992)). The district court concluded that Cline satisfied the first element—that he was a handicapped individual—by plausibly alleging that due to his injuries, he had physical impairments that "substantially limited his ability to perform several major life activities." (Aplt. App. 134). But, the court concluded, Cline failed to adequately plead the second element; that Cline was "otherwise qualified" for his position. This is the element of Cline's disability discrimination claims at issue on appeal.

Under both the Rehabilitation Act and the ADA, there is a two-part analysis to determine whether an individual is "otherwise qualified" for a position.  First, the plaintiff has the opportunity to show that he is "able to perform the essential functions of his job" notwithstanding his disability.  Adair v. City of Muskogee, 823 F.3d 1297, 1307 (10th Cir. 2016).  If he cannot do so, then the court "must determine whether any reasonable accommodation by the employer would enable him to perform those functions."  Id. (quoting Hawkins v. Schwan's Home Serv., Inc., 778 F.3d 877, 888 (10th Cir. 2015)).  Here, at the time of Cline's termination, he was unable to perform the functions of a perfusionist—he was an ICU patient and heavily sedated, on a feeding tube, and unable to speak, eat, or care for himself.  Therefore, Cline's disability discrimination claim turns on whether he plausibly alleged that he could perform the essential functions of his job with a "reasonable accommodation."

Given Cline's state at the time of termination, it is undisputed that the only possible accommodation would have been a leave of absence.  "[A] brief leave of absence for medical treatment or recovery can be a reasonable accommodation."  Robert v. Bd. of Cnty. Comm'rs of Brown Cnty., 691 F.3d 1211, 1217–18 (10th Cir. 2012).  But "[t]here are two limits on the bounds of reasonableness for a leave of absence."  Id. at 1218.  First, "[t]he employee must provide the employer an estimated date when [he] can resume [his] essential duties."  Id.  Second, "[a] leave request must assure an employer that an employee can perform the essential functions of [his] position in the 'near future.'"  Id. (quoting Cisneros v. Wilson, 226 F.3d 1113, 1129 (10th Cir. 2000), overruled on other grounds by Bd. of Trs. of Univ. of

11

Ala. v. Garrett, 531 U.S. 356 (2001)).  Important here, this court has held that a leave of absence exceeding six months is per se unreasonable.  Hwang v. Kan. State Univ., 753 F.3d 1159, 1162 (10th Cir. 2014).

In the FAC, Cline alleged, "[w]hen [Clinical Perfusion Systems] made the decision to discharge Cline, the expected duration of the impairments was more than six (6) months."  (Aplt. App. 12 ¶ 40).  There are no other factual allegations in the FAC regarding the expected duration of Cline's disability or the period of leave necessary as an accommodation.  Therefore, the district court concluded, "any request for an accommodation of job-protected leave would have been for [more than six months] and, so, unreasonable under Hwang."  (Id. at 137).  We agree.

Cline argues that the FAC contains sufficient allegations that a reasonable accommodation was available: "[a] reasonable accommodation was available to [Clinical Perfusion Systems]: granting Cline paid or unpaid leave for a reasonable period of time and forbearance of termination during the period."  (Aplt. App. 12-13 ¶ 42).  Cline argues that, because he alleged that leave for a "reasonable period of time" was available as an accommodation, and because this court held in Hwang that leave for over six months is per se unreasonable, he sufficiently alleged, by implication, that less than six months of leave was available as a "reasonable accommodation."  (Aplt. Ry. Br. 4-6).  But there are no factual allegations in the FAC to support Cline's argument that the expected duration of his disability was

12

under six months.[4] See Hudson v. MCI Telecomms. Corp., 87 F.3d 1167, 1169 (10th Cir. 1996) (at summary judgment, finding no evidence that a leave of absence was a reasonable accommodation when the plaintiff "failed to present any evidence of the expected duration of her impairment as of the date of her termination"). The allegation that a "reasonable period of time" was required is conclusory. See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Cline needed to plead specific facts illustrating why the expected duration of his disability was under six months, but he did not do so.[5]

---

[4] For this reason, we need not address Cline's argument that the district court should have allowed him "to maintain inconsistent factual allegations about the expected duration of his impairment." (Aplt. Br. 18). The district court stated, "[w]hile plaintiff may plead alternative legal theories, he may not plead alternative sets of facts." (Aplt. App. 137 n.4). Although this statement of the law is incorrect, we do not see any alternative factual allegations in the FAC—the only factual allegation about the duration of Cline's impairment, and the period of leave required as an accommodation, was that it would be "more than six (6) months." (Id. at 12 ¶ 40). See United States v. Roe, 913 F.3d 1285, 1300 n.21 (10th Cir. 2019).

[5] Cline cites a nonprecedential decision by this court for the proposition, "[a]n ADA plaintiff . . . is not required to set forth a prima facie case for each element of [his] claim in order to defeat a motion to dismiss." (Aplt. Ry. Br. 6) (citing Iselin v. Bama Cos., 690 F. App'x 593, 597 (10th Cir. 2017) (unpublished)). In Iselin, this court cited Iqbal and stated that the plaintiff "must simply provide enough factual allegations to 'permit the court to infer more than the mere possibility of misconduct' so 'that [he] is entitled to relief.'" Iselin, 690 F. App'x at 597 (citing Iqbal, 556 U.S. at 679). Nonetheless, the Supreme Court in Iqbal also made clear that "[t]hreadbare recitals of the elements of a cause of action" are insufficient to state a claim, and Cline's allegation regarding a "reasonable accommodation" is a "threadbare recital" without the support of factual allegations. Iqbal, 556 U.S. at 678.

This court's reasoning in Hwang supports our conclusion that Cline needed to plead facts to support his conclusory allegation that leave for a "reasonable period of time" was an available accommodation. In holding that leave over six months was a per se unreasonable accommodation under the Rehabilitation Act, this court stated, "[t]he Rehabilitation Act seeks to prevent employers from callously denying reasonable accommodations that permit otherwise qualified disabled persons to work—not to turn employers into safety net providers for those who cannot work." Hwang, 753 F.3d at 1162; see also Hudson, 87 F.3d at 1169 (holding that leave for indefinite period was unreasonable accommodation under ADA and stating, "[the employer] was not required to wait indefinitely for [the employee's] recovery"). This court's case law indicates the importance of providing employers with notice of the expected duration of the employee's recovery when either paid or unpaid leave is the suggested "reasonable accommodation." The factual allegations in Cline's FAC failed to indicate that Cline provided such notice to Clinical Perfusion Systems.[6]

Therefore, while the district court erroneously stated that Cline could not plead contradictory facts, the district court correctly held that Cline failed to state a claim under the Rehabilitation Act, the OADA, and the ACA.

---

[6] We decide this case based on Cline's failure to plead that he was "otherwise qualified" for his position, or that he could perform the essential functions of his position with a "reasonable accommodation." Therefore, we do not need to differentiate between plaintiff's alternative claims of disability—that he was actually disabled and that he was "regarded as" having a disability. See 42 U.S.C. § 12102(1)(A), (C). Both claims require sufficient factual allegations establishing that Cline was "otherwise qualified." It is that common requirement that Cline has failed to satisfy in this case.

**b. Cline's Age Discrimination Claim**

Cline's FAC also asserted an age discrimination claim under the OADA, 25 Okla. Stat. § 1302(A). Age discrimination claims under the OADA are analyzed under the substantive framework for claims under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. See Bennett v. Windstream Comms., Inc., 792 F.3d 1261, 1269 (10th Cir. 2015) (affirming summary judgment on OADA claim "for the reasons outlined" in the court's ADEA analysis); LeFlore v. Flint Indus., Inc., 172 F.3d 62, 1999 WL 89281, at *3 n.4 (10th Cir. Feb. 23, 1999) (unpublished table opinion).

The ADEA makes it unlawful for an employer to discriminate against someone over the age of forty on the basis of his age. 29 U.S.C. §§ 623, 631. To state a plausible claim, the plaintiff must also allege that his age was a but-for cause of his termination. Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177 (2009); see Lively v. WAFRA Inv. Advisory Grp., Inc., 6 F.4th 293, 303 (2d Cir. 2021) (concluding that "the but-for causation standard for [ADEA] claims applies not only at trial but at the pleading stage as well"). This causal standard, however, "does 'not require plaintiffs to show that age was the sole motivating factor in the employment decision.'" Jones, 617 F.3d at 1277 (quoting Wilkerson, 606 F.3d at 1266) (cleaned up). "Instead, an employer may be held liable under the ADEA if other factors contributed to its taking an adverse action, as long as 'age was the factor that made a difference.'" Id. (quoting Wilkerson, 606 F.3d at 1266); see also 8 Larson on Employment Discrimination § 135.07 (2023) ("Gross does not require age to be the sole

15

motivation for the decision, nor does the fact that a plaintiff simultaneously alleges multiple types of discrimination (say age, race and disability) require dismissal of the case.").

The district court concluded that Cline failed to plausibly plead age discrimination because the facts alleged in the FAC did not support an inference that "age was the 'factor that made a difference' in his termination." (Aplt. App. 141). Instead, the court reasoned,

> The amended complaint . . . alleges that plaintiff's disability was the determinative factor in his termination. There may, of course, be multiple factors that lead to a plaintiff's termination but, to allege age discrimination as one of them, plaintiff's age must be a "but for" factor. Nothing in plaintiff's amended complaint satisfies that requirement or demonstrates the causal connection between plaintiff's age and his termination. Plaintiff must allege facts that support an inference that his age was a factor the [sic] contributed to the decision to terminate him. The facts in the amended complaint allege that plaintiff was terminated because of his inability to perform his duties as a perfusionist due to his disability.

Id.

The district court erred by concluding that the FAC failed to allege sufficiently that age was a but-for cause of Cline's termination. Cline was entitled under Federal Rule of Civil Procedure 8(d) to plead inconsistent legal theories and inconsistent facts. Roe, 913 F.3d at 1300 n.21; see Cella v. MobiChord, Inc., No. 2:17-CV-527-TC, 2020 WL 416668, at *10 (D. Utah Jan. 27, 2020) (unreported) (citing Roe and finding plaintiff was entitled to plead inconsistent motivations for termination). Therefore, the allegations in the FAC that Cline was terminated because of his

16

disability do not prevent Cline from alternatively alleging that he was terminated because of his age.

We conclude that Cline's FAC plausibly alleged that "age was the factor that made a difference" in his termination.  Jones, 617 F.3d at 1277 (quoting Wilkerson, 606 F.3d at 1266).  Cline alleged that "the sole factor, the primary factor, the determinative or determining factor, or a significant motivating factor in making [appellee's] decision to terminate Cline and its decision not to reinstate or rehire him was . . . (5) the fact that Cline was sixty-one (61) years old at the time the decisions were made." (Aplt. App. 16 ¶ 57).  While this is a conclusory statement, Cline supported his causation argument with sufficient factual allegations.

First, Cline alleged that the reason given by Clinical Perfusion Systems for his termination—the business's financial condition—was false.  (Id. at 9 ¶ 26, 17 ¶ 60); see Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 147 (2000) ("Proof that the defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive.").  Second, Cline alleged that around the time when appellee made the decision to terminate him, appellee was in the process of hiring two younger, less qualified perfusionists to replace Cline.  (Id. at 16-17 ¶¶ 58-60).  This factual allegation supports the inference that Clinical Perfusion Systems' proffered reason for terminating Cline was false, and that Cline's age was the actual reason for his termination.  These allegations are sufficient to plausibly allege that Cline's age was a but-for cause of his termination.  See, e.g., Martinez v. UPMC Susquehanna, 986

17

F.3d 261, 267-68 (3d Cir. 2021) (holding plaintiff stated ADEA claim when complaint alleged he was fired, he was replaced by younger, less qualified employees, and his employer suspiciously told him he was not fired for performance-based reasons); Leal v. McHugh, 731 F.3d 405, 413 (5th Cir. 2013) (holding plaintiffs stated ADEA claim when complaint alleged they were qualified for position, a substantially younger person was given the position, and an official with decision-making authority said department needed "new blood").

## IV. CONCLUSION

In sum, Cline failed to plead sufficient factual allegations to establish plausible disability discrimination claims under the Rehabilitation Act, OADA, and ACA. Iqbal, 556 U.S. at 678. The FAC contained no facts suggesting that the expected duration of Cline's recovery was less than six months, and therefore Cline failed plausibly to allege that the only possible accommodation he could have been provided—a period of leave while he recovered—was "reasonable" under Hwang. However, Cline did present sufficient factual allegations to establish that his age was a but-for cause of his termination—he alleged that Clinical Perfusion Systems gave a false reason for his termination and that he was replaced with two younger, less qualified employees. Therefore, we AFFIRM the district court's dismissal of Cline's disability discrimination claims, REVERSE the district court's dismissal of Cline's age discrimination claims, and REMAND for further proceedings consistent with this opinion.