**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**July 18, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

_____

SHAR ISSA MURPHY,

    Plaintiff - Appellant,

v.

DENIS MCDONOUGH; DEPARTMENT
OF VETERANS AFFAIRS AGENCY,
AURORA, CO; DEPARTMENT OF
VETERANS AFFAIRS, OFFICE OF
GENERAL COUNSEL,

    Defendants - Appellees.

No. 23-1394
(D.C. No. 1:22-CV-02098-STV)
(D. Colo.)

_____

### ORDER AND JUDGMENT[*]
_____

Before **HOLMES**, Chief Judge, **HARTZ**, and **ROSSMAN**, Circuit Judges.
_____

Shar Issa Murphy filed this lawsuit—raising several employment-discrimination claims—after resigning from her job at the Department of Veterans Affairs. The district court granted the defendants' motion to dismiss her amended complaint for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). We affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Ms. Murphy represented herself in district court, and she continues to do so on appeal. For that reason, we construe her filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

This appeal requires us to review the dismissal of Ms. Murphy's amended complaint. She filed it after the district court dismissed her original complaint without prejudice and gave her an opportunity to file an amended one. The 12-page order dismissing the original complaint set out the law governing Ms. Murphy's claims and described the shortcomings of her factual allegations.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual allegations "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). When ruling on a Rule 12(b)(6) motion, courts must accept the plaintiff's well-pleaded facts as true and draw all reasonable inferences in her favor. *See Abdi v. Wray*, 942 F.3d 1019, 1025 (10th Cir. 2019). Mindful of this standard, we turn to the allegations in Ms. Murphy's amended complaint.

Ms. Murphy is a black woman.[1] She worked for the Department of Veterans Affairs for several years. She "constantly complained" about harassment from her

---

[1] Ms. Murphy's amended complaint did not explicitly identify her race or sex. Although her original complaint did identify those things, the allegations in her amended complaint superseded those of the original complaint. *See May v. Segovia*, 929 F.3d 1223, 1229 (10th Cir. 2019). We will assume that a liberal reading of Ms. Murphy's amended complaint could reveal her race and sex.

supervisor, David Spurgin. R. at 116. As a result, her "area was declared a hostile work environment" and she was stationed in a different part of the hospital. *Id.* Management decided that Mr. Spurgin and another employee, Christine Robbins, "were to stay away from" Ms. Murphy until a fact-finding process concluded. *Id.* Yet Mr. Spurgin and Ms. Robbins continued to walk into Ms. Murphy's workstation, often for a minor reason or no reason at all. On one occasion Ms. Murphy was asked to cover a shift in the part of the hospital in which her alleged harassers worked. Mr. Spurgin directed her "to sit in the front at the window," where a veteran sprayed her in the face with an unknown substance. *Id.*

A white woman "made a complaint about the same type of harassment from" Mr. Spurgin and Ms. Robbins. R. at 117. Management came to the "work area to intervene" almost immediately. *Id.*

At one point, Mr. Spurgin stopped working for the agency, but he returned about a year later. Ms. Murphy's mental health then deteriorated. She began therapy and learned that she had symptoms of posttraumatic stress disorder—dizziness, panic attacks, an inability to focus on her work, and "a constant state of fight or flight." R. at 118. She told Eric Maestas (presumably her new supervisor) about her symptoms and told him that Mr. Spurgin's coming near her triggered them. Mr. Maestas "tried to put something into place" to keep Mr. Spurgin from coming near her, but Mr. Spurgin nevertheless approached her desk again on one occasion. *Id.* Ms. Murphy took medical leave before eventually resigning.

3

The district court construed Ms. Murphy's amended complaint to raise four claims: (1) race and sex discrimination under Title VII, (2) hostile work environment under Title VII, (3) failure to accommodate under the Rehabilitation Act, and (4) hostile work environment under the Rehabilitation Act. The court dismissed each claim.

## II. Discussion

We review the district court's decision de novo. *See Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012). Ms. Murphy alleges facts in her appellate briefing that she did not include in her amended complaint. In reviewing the district court's decision, we consider only those facts alleged in the amended complaint. *See Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995).

### A. Title VII Discrimination

Title VII prohibits employers from discriminating against individuals based on race and sex. *See* 42 U.S.C. § 2000e-2(a)(1). A plaintiff can prove a violation of that prohibition either through direct evidence of discrimination or through the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Khalik*, 671 F.3d at 1192. To make a prima facie case of discrimination—shifting the burden to the defendant to articulate a legitimate, nondiscriminatory reason for the challenged action—a plaintiff must show (1) she is a member of a protected class, and (2) she suffered an adverse employment action that (3) occurred under circumstances giving rise to an inference of discrimination. *See Bennett v. Windstream Commc'ns, Inc.*, 792 F.3d 1261, 1266 (10th Cir. 2015).

The district court concluded that Ms. Murphy failed to allege either direct evidence of discrimination or facts suggesting that the defendants took any action against her based on her race or sex.  We agree.  Although Ms. Murphy alleged that Mr. Spurgin and Ms. Robbins harassed her, she failed to describe the alleged harassment itself or the circumstances surrounding it.  She did allege that a white woman complained about "the same type of harassment."  R. at 117.  But that allegation works against an inference that the harassment was based on Ms. Murphy's race.  Although she argues that management took the white woman's complaint seriously but not hers, her complaint lacks factual allegations that would support such a conclusion.  She alleged that management immediately came to the work area to intervene in response to the white woman's complaint.  Yet she did not identify what specific actions were taken to intervene.  Moreover, she alleged that in response to her own harassment complaints, management moved her workstation and decided that her alleged harassers "were to stay away from" her.  R. at 116.

## B.  Title VII Hostile Work Environment

To state a Title VII hostile-work-environment claim, a plaintiff must allege that (1) she belongs to a protected class; (2) she received unwelcome harassment; (3) the harassment was based on a protected characteristic; and (4) the harassment was so severe or pervasive that it altered a term, condition, or privilege of employment and created an abusive environment.  *See Young v. Colo. Dep't of Corr.*, 94 F.4th 1242, 1249 (10th Cir. 2024).

The district court concluded that Ms. Murphy failed to offer facts suggesting that the alleged harassment against her had anything to do with her race or sex. For the same reasons outlined in the previous section, we agree.

### C. Rehabilitation Act Failure to Accommodate

"The definition of disability discrimination in federal law includes 'not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability.'" *Hampton v. Utah Dep't of Corr.*, 87 F.4th 1183, 1191 (10th Cir. 2023) (quoting 42 U.S.C. § 12112(b)(5)(A)). "To state a claim for failure to accommodate under the Rehabilitation Act, [a plaintiff] must show that [s]he (1) is disabled, (2) is otherwise qualified, and (3) requested a plausibly reasonable accommodation." *Brown v. Austin*, 13 F.4th 1079, 1084–85 (10th Cir. 2021) (footnote and internal quotation marks omitted).

The district court concluded that Ms. Murphy failed to allege facts supporting an inference that she had been denied a requested reasonable accommodation. The court noted that although Ms. Murphy claimed to have told Mr. Maestas about her symptoms and that Mr. Spurgin triggered them, she never alleged that she requested a specific accommodation for her posttraumatic stress disorder. And in any event, the court found, Mr. Maestas tried to accommodate Ms. Murphy's concerns by taking steps to stop Mr. Spurgin from coming near her workstation. In response to Ms. Murphy's claim that Mr. Maestas's efforts were ineffective, the court noted that her complaint alleged only a single instance in which Mr. Spurgin approached her desk in the months following Mr. Maestas's action. In any event, the court concluded, Ms.

6

Murphy did not identify a specific accommodation that had been requested or denied. We see no error in the district court's analysis.

Ms. Murphy makes new factual allegations supporting this claim on appeal, asserting that Mr. Maestas denied her request to work from home. We will not consider these new factual allegations because we must limit our review to the allegations in the complaint. *See Jojola*, 55 F.3d at 494.

### D.  Rehabilitation Act Hostile Work Environment

To prevail on a hostile-work-environment claim under the Rehabilitation Act, a plaintiff must show that her "workplace was permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Williams v. FedEx Corp. Servs.*, 849 F.3d 889, 897 (10th Cir. 2017) (brackets and internal quotation marks omitted) (discussing claims under the Americans with Disabilities Act); *see also Cline v. Clinical Perfusion Sys., Inc.*, 92 F.4th 926, 931 (10th Cir. 2024) (recognizing that cases under both the Rehabilitation Act and the Americans with Disabilities Act inform the analysis of a claim under the Rehabilitation Act). She must also show that the offending conduct occurred because of her disability. *See Williams*, 849 F.3d at 897–98.

The district court concluded that Ms. Murphy's allegations did not support a plausible inference that the alleged harassment she suffered was based on a disability. We agree. After all, Ms. Murphy's complaint suggests that her disability

(posttraumatic stress disorder)[2] was the result—not the cause—of the alleged harassment she suffered.  Timing aside, Ms. Murphy's complaint alleges no facts suggesting any mistreatment she received was because of a disability.

### III.  Disposition

We affirm the district court's judgment.  We grant Ms. Murphy's motion for leave to proceed without prepaying costs or fees.

Entered for the Court


Harris L Hartz
Circuit Judge

---

[2] We assume, as did the district court, that Ms. Murphy sufficiently alleged a disability.