FILED
**United States Court of Appeals**
**Tenth Circuit**

**August 8, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

NORMAN RAY REED, JR.,

      Plaintiff - Appellant,

v.

TRINIDAD AREA HOSPITAL
ASSOCIATION, a Colorado non-
profit corporation d/b/a Mt. San
Rafael Hospital; SPANISH PEAKS
NEW ALTERNATIVES, INC., a
Colorado non-profit corporation
d/b/a Health Solutions Medical
Center; INNOVA EMERGENCY
MEDICAL ASSOCIATES, P.C., a
Colorado professional corporation,

      Defendants - Appellees.

No. 23-1266
(D.C. No. 1:22-CV-03045-MDB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.
_____

This appeal involves the district court's dismissal of a discrimination

claim. The plaintiff, Mr. Norman Ray Reed, argues that the district court

---

[*]    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

applied the wrong test. But Mr. Reed didn't make this argument in district court.

1.   **Mr. Reed sues under the Affordable Care Act, and the district court dismisses the suit.**

In district court, Mr. Reed sued three health-care providers under the Affordable Care Act, claiming that they had discriminated against him by denying mental-health services based on a disability. *See* 42 U.S.C. § 18116. The defendants moved to dismiss the suit. In the motion, the defendants invoked a four-part test that had been used for claims under the Rehabilitation Act. Under that test, Mr. Reed had to show:

1.   He was disabled.

2.   He was "otherwise qualified" for the desired services.

3.   The defendants denied the services to him solely because of his disability.

4.   The program received federal financial assistance.

*See Cline v. Clinical Perfusion Sys., Inc.*, 92 F.4th 926, 931–32 (10th Cir. 2024) (applying the Rehabilitation Act's four-part test to a discrimination claim brought under the Affordable Care Act). Based on this test, the defendants argued that Mr. Reed hadn't alleged facts showing that he was "otherwise qualified" for the mental-health services. The district court agreed and dismissed the suit.

**2.    Mr. Reed didn't preserve his argument that the district court had applied the wrong test.**

On appeal, Mr. Reed argued that the district court

- erred by applying the Rehabilitation Act's "otherwise qualified" test and

- should have applied a different test for causation (*because of*).

But Mr. Reed hadn't raised these arguments in district court.[1]

When the defendants pointed out that the appellate arguments were new, Mr. Reed responded that the district court had used the phrases *because of* and *but for*. But the court had used these phrases when applying the Rehabilitation Act's requirement that the plaintiff be "otherwise qualified." *See, e.g.*, Appellant's App'x at 149 (stating that in district court, Mr. Reed argued that the defendants' actions had "deprived him of a mental health service that, but for his mental health disability, he was 'otherwise qualified' to receive"), 151 (stating that dismissal was appropriate because Mr. Reed had not pointed to allegations showing that he was "otherwise qualified").

Because the arguments were new, we would ordinarily apply the plain-error standard. *United States v. McBride*, 94 F.4th 1036, 1044 (10th

---

[1]    In responding to the motion to dismiss, Mr. Reed said only that he had satisfied the Rehabilitation Act's "otherwise qualified" test.

Cir. 2024). But Mr. Reed hasn't made an argument for plain error. So we decline to consider these arguments. *Id.*

### 3. Mr. Reed doesn't otherwise challenge the district court's reasoning.

Because we can't consider Mr. Reed's arguments for a different discrimination test, we can assume that the Rehabilitation Act's "otherwise qualified" test applied. Mr. Reed doesn't explain how the district court erred in applying the test. So we lack any basis to disturb the ruling that Mr. Reed hadn't been "otherwise qualified" for the desired mental-health services. *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1368–70 (10th Cir. 2015) (stating that we can't reverse when the appellant hasn't explained what was wrong with the district court's decision). We thus affirm the district court's dismissal.

\* \* \*

Mr. Reed didn't ask the district court to apply a different test, and he hasn't requested review for plain error or presented another reason to question the ruling. We thus affirm the dismissal.

Entered for the Court


Robert E. Bacharach
Circuit Judge